IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**BANK OF CHARLES TOWN,**

          Plaintiff,

v.                                               Civil Action No. 3:10-CV-102
                                               (BAILEY)

**ENCOMPASS INSURANCE,
ENCOMPASS INDEMNITY COMPANY,
MICHELE GROSSMAN, JOHN
WILLSON** and **JOHN OR JANE DOE,**

          Defendants.

### ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND

Currently pending before the Court are the Motion to Dismiss of Michele Grossman [Doc. 4], the Motion to Dismiss filed by Encompass Indemnity Company [Doc. 7], the Motion to Dismiss of Encompass Insurance [Doc. 10], and the plaintiff's Motion for Remand [Doc. 13]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, finds that the plaintiff's Motion for Remand [Doc. 13] should be **GRANTED**. Therefore, the Court **REMANDS** this matter to the Circuit Court of Jefferson County.

### BACKGROUND

**I.    Factual Allegations**

Monte J. Palmer and Suzette S. Palmer agreed to purchase improved real property located at 11 Seattle Slew Way in Martinsburg, West Virginia, from James A. Howard. [Doc. 3-1, ¶ 11]. The Palmers financed the purchase of the property through an installment land contract with Mr. Howard. [Id., ¶ 12]. After executing the purchase agreement, the

1

Palmers secured a homeowner's insurance policy through Encompass Indemnity Company. [Id., ¶ 13]. The plaintiff, Bank of Charles Town ("Bank") was listed on the declarations page of the policy as a mortgagee. [Id., ¶ 15]. In the Spring of 2010, James Howard passed away. [Id., ¶ 20].

On or about May 27, 2010, the plaintiff foreclosed on the residence at 11 Seattle Slew Way. [Id., ¶ 21]. On May 28, 2010, the Bank made contact with the Palmers and informed them that the Bank had foreclosed upon the property. [Id., ¶ 22]. On or about May 31, 2010, while in the process of moving from the premises, the Palmers discovered mold and water damage in their basement. The Palmers informed their insurer of the damage that day. [Doc. 16, ¶ 12]. After an investigation, the insurer denied coverage on the claim.

The Bank has filed suit asserting (1) breach of contract; (2) violations of the West Virginia Unfair Trade Practices Act; and (3) declaratory judgment.

## II. Procedural History

On August 27, 2010, the plaintiff instituted this action in the Circuit Court of Jefferson County, West Virginia. On October 6, 2010, Encompass Insurance and Encompass Indemnity Company removed the case to this Court asserting this Court's diversity jurisdiction. [Doc. 3]. On October 29, 2010, the plaintiff filed the pending Motion for Remand [Doc. 13], arguing that this Court lacks subject matter jurisdiction. In particular, the plaintiff argues that while there is complete diversity among the parties, the amount in controversy does not meet the jurisdictional limit.

On November 8, 2010, the defendants filed a Response [Doc. 21], arguing that the requisite jurisdictional amount has been met. The defendants argue that although the

2

remediation costs sought under the insurance contract amount to $6,400, the plaintiff is also seeking damages for lost rentals of $2,342.97 per month, punitive damages, attorneys fees, interest, and costs, which will exceed $75,000.

## DISCUSSION

This Court will address the Motion to Remand first, inasmuch as this Court must first determine whether it has jurisdiction.

Defendants in civil actions may remove a matter from state to federal court if the latter forum has original subject matter jurisdiction. This requirement can be based upon diversity jurisdiction or federal question jurisdiction. 28 U.S.C. § 1441. A federal district court has diversity jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332. Further, a federal district court has federal question jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. This particular jurisdiction must inhere in the plaintiff's claim, rather than be based on a defense or counterclaim. **Louisville & Nashville R.R. v. Mottley**, 211 U.S. 149 (1908).

The burden of demonstrating jurisdiction generally resides with the defendant. **Wilson v. Republic Iron & Steel Co.**, 257 U.S. 92 (1921). Likewise, the plaintiff's role in the context of disputes about removability is also clearly defined: the plaintiff is the master of his or her claim. See **Oklahoma Tax Com'n v. Graham**, 489 U.S. 838 (1989). This means that, "if [the plaintiff] chooses not to assert a federal claim . . . or properly joins a nondiverse party, defendants cannot remove the action to federal court on the ground that an alternative course of conduct available to the plaintiff would have permitted removal of

3

the case."  14B Charles Wright, *Federal Practice and Procedure*, § 3721, p. 59 (2009).  Moreover, as the Fourth Circuit has indicated, if federal jurisdiction is doubtful, the case must be remanded.  *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction").

The plaintiff argues that diversity jurisdiction does not exist because the amount in controversy requirement has not been met.  Diversity jurisdiction exists in cases between citizens of different states where the amount in controversy exceeds $75,000 exclusive of interest and costs.[1]  28 U.S.C. § 1332.  The amount in controversy is determined by "considering the judgment that would be entered if the plaintiff prevailed on the merits of his case as it stands at the time of removal."  *Sayre v. Potts*, 32 F.Supp.2d 881, 886 (S.D. W.Va. 1999) (citing *Landmark Corp. v. Apogee Coal Co.*, 945 F.Supp. 932, 936-37 (S.D. W.Va. 1996)).  When no specific amount of damages is set forth in the complaint, the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount.  *Seifert v. Nationwide Mut. Ins. Co.*, 2007 WL 1381521 (N.D. W.Va. May 9, 2007) (Stamp, J.), *citing* *Mullins v. Harry's Mobile Homes, Inc.,* 861 F.Supp. 22, 23 (S.D. W.Va.1994).

To calculate this amount, a court must consider the entire record and make an independent evaluation of whether the amount in controversy has been satisfied. *Weddington v. Ford Motor Credit Co.*, 59 F.Supp.2d 578, 584 (S.D. W.Va. 1999); *see*

---

[1] In this regard, the Court notes that it is undisputed that the plaintiff is a citizen of West Virginia and the defendants are citizens of other states.  As such, the sole issue is whether the amount in controversy has been satisfied.

*also* **Mullins**, *supra* (specifically stating that court may consider complaint, removal petition, and "other relevant matters in the file").  At the very least, the requirement must be proved by a preponderance of the evidence.  **Landmark Corp.**, 945 F.Supp. at 935.  Further, where a plaintiff chooses to bring an action in state court, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court . . .."  **St. Paul Mercury Indem. Co. v. Red Cab Co.**, 303 U.S. 283, 290 (1988).  Finally, in conducting this analysis, a court "is not required to leave its common sense behind."  **Mullins**, 861 F.Supp. at 24.

In this case, the cost of the repair for the water damage is $6,400.  The defendants point out that the Bank is also seeking lost rentals in the amount of $2,342.97 per month.  Such a recovery may be speculative since the Palmers were in the process of moving out at the time the water damage was discovered.  Even if the rentals were recoverable, the amount includable for purposes of amount in controversy would be less than $10,000 (the amount recoverable as of the filing of the Complaint herein).

With actual damages in an amount of approximately $16,000, the attorneys fees are simply not sufficient to achieve the jurisdictional standard.  The defendants' removal cannot be based on speculation; rather, it must be based on facts as they existed at the time of removal. **Seifert**, *supra, citing* **Varela v. Wal-Mart Stores, East, Inc.,** 86 F.Supp.2d 1109, 1112 (D.N.M. 2000).  In addition, the mere "threat" of punitive damages, without more, does not give rise to federal jurisdiction. **Seifert**, *supra, citing* **Landmark Corp.,** 945 F.Supp. at 938.

Furthermore, the fact that the plaintiff has not agreed to stipulate that the amount in

controversy is less than $75,000.00 does not establish the requisite amount in controversy. ***Seifert***, *supra*; ***Schambach v. Federal Ins. Co.***, 2005 WL 3079108 (N.D. W.Va. Nov. 15, 2005) (Stamp, J.), *both citing* ***Gramc v. Millar Elevator Co.,*** 3 F.Supp.2d 1082, 1084 (E.D. Mo. 1998). Here, the defendants have offered no competent proof or tangible evidence that the amount in controversy exceeds $75,000.00. Considering all of the evidence, this Court finds that the defendants have not shown by a preponderance of the evidence that the plaintiffs will recover damages in excess of the jurisdictional minimum.

In sum, the Circuit Court of Jefferson County possesses jurisdiction to adjudicate the claims made by the plaintiff under West Virginia law. Accordingly, this case must be remanded to the Circuit Court of Jefferson County.

## CONCLUSION

For the foregoing reasons, the plaintiff's Motion for Remand [Doc. 13] is **GRANTED** and this Court **REMANDS** this case to the Circuit Court of Jefferson County, West Virginia.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record as well as to the Circuit Court of Jefferson County, West Virginia.

**DATED:** November 18, 2010.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE